IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LORI NICHOLSON; and WILLIS WILLIAM NICHOLSON,<br><br>Plaintiffs,<br><br>vs.<br><br>BIOMET, INC; BIOMET ORTHOPEDICS, LLC; BIOMET MANUFACTURING CORP; and BIOMET US RECONSTRUCTION LLC,<br><br>Defendants. | No. 18-cv-3057-CJW-KEM<br><br>**ORDER** |

This matter is before the Court on defendants' Motion for Relief from Order Striking Defendants' Twenty-Sixth Affirmative Defense. (Doc. 250). For the following reasons, defendants' motion is **denied**.

On January 28, 2019, the Court ruled on plaintiffs' motion to strike affirmative defenses and struck certain of defendants' affirmative defenses, including defendants' twenty-sixth affirmative defense. (Doc. 246, at 16-17). In the Order, the Court stated that defendants failed to resist plaintiffs' motion with respect to the twenty-sixth affirmative defense and that the defense, as pled, was insufficient to survive plaintiffs' motion. (*Id.*, at 17). Defendants brought the instant motion within a reasonable time after the Court's ruling and argue that the Court should "revise its [O]rder to deny [p]laintiffs' motion with regard[ ] to [d]efendants' twenty-sixth affirmative defense" because, defendants argue, the Court's Order was "based on mistake, inadvertence,

excusable neglect, or any other reason that justifies relief." (Doc. 250, at 2 (citing FED. R. CIV. P. 60(b)(1), (6))).

For a motion brought under Federal Rule of Civil Procedure 60(b) to be successful, the movant must "establish exceptional circumstances to obtain the extraordinary relief the rule provides." *Reynolds v. Condon*, 908 F. Supp. 1494, 1526 (N.D. Iowa 1995). The bar for establishing exceptional circumstances is high and typically cannot be met when a litigant had a full and fair opportunity to litigate its claim and the Court, nevertheless, found against the litigant. *Id.* (citing *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373-74 (8th Cir. 1994)).

Specifically, defendants state that "it appears this Court was unaware that [d]efendants' argument on state of the art, industry standards, applicable government statutes and regulations was intended to (and was referred to in [defendants'] [r]esistance) as supporting both [d]efendants' ninth and twenty-sixth affirmative defenses." (*Id.*). That is, the Court now understands, that defendants intended their argument regarding defendants' ninth affirmative defense to apply with equal force to the twenty-sixth affirmative defense. Defendants' resistance to plaintiffs' motion to strike references the twenty-sixth affirmative defense only by a footnote that reads, in its entirety, "Defendants' twenty-sixth affirmative defense, compliance with applicable codes, standards, and regulations, is premised on similar factual allegations as the ninth affirmative defense." (Doc. 243, at 12 n.5).

The ninth affirmative defense reads "Plaintiffs' claims are barred, in whole or in part, by [d]efendants' compliance with the state of the art, industry standards, and/or applicable government statutes and regulations." (Doc. 8, at 51). The twenty-sixth affirmative defense, by contrast, reads as follows:

> Plaintiffs' claims are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards, and regulations established,

> adopted, promulgated, or approved by any regulatory body with jurisdiction over the product, including but not limited to the United States, any state, and any agency thereof.

(*Id.*, at 54). Although it is helpful to know that the two affirmative defenses are "premised on similar factual allegations," the two affirmative defenses are very different and appear, facially, to be premised on different legal theories. The Court will not make a litigant's arguments for it and, here, defendants failed to show the alleged similarities between the two affirmative defenses when presented with a full and fair opportunity to do so. For that reason, the Court granted the motion to strike with respect to the twenty-sixth affirmative defense, and the Court finds the prior ruling to be correct.

Although the instant motion elaborates upon defendants' basis for the twenty-sixth affirmative defense, defendants did not advance those arguments in their resistance to plaintiffs' motion to strike, and defendants have not shown exceptional circumstances to warrant the relief they now seek. The Court thus declines to reverse its prior ruling. If defendants wish to argue the twenty-sixth affirmative defense as an affirmative defense, defendants may seek leave of Court to amend their answer. Defendants' motion is **denied**.

**IT IS SO ORDERED** this 11th day of March, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa