IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| LORI NICHOLSON; and WILLIS WILLIAM NICHOLSON,<br><br>      Plaintiffs,<br><br>vs.<br><br>BIOMET, INC; BIOMET ORTHOPEDICS, LLC; BIOMET MANUFACTURING CORP; and BIOMET U.S. RECONSTRUCTION LLC,<br><br>      Defendants. | No. 18-CV-3057-CJW-KEM<br><br>**ORDER** |

_____

This matter is before the Court on defendants' Motion to Enforce Trial Management Order for Civil Jury Trial. (Doc. 347). Plaintiffs timely resisted defendants' motion. (Doc. 349). On October 19, 2020, the Court held a hearing on the motion and the parties presented oral arguments. For the following reasons, defendants' Motion to Enforce Trial Management for Civil Jury Trial is **granted in part.**

Defendants' argument is generally divided into two parts. First, defendants argue plaintiffs have not identified which witnesses will testify live at trial and which will be presented by deposition testimony, as required by the Court's November 20, 2018 Trial Management Order. (Doc. 347, at 1). According to defendants, plaintiffs' refusal to designate how witnesses will testify has resulted in defendants doing duplicative work to prepare for live testimony and to prepare deposition counter-designations and objections. (*Id.*, at 5). Second, defendants argue that exhibit lists provided by plaintiffs are incomplete, duplicative, and unclear. (*Id.*, at 6–7).

At oral argument, plaintiffs asserted they anticipate the witnesses at issue here will provide live testimony. Plaintiffs also asserted they provided defendants with deposition transcripts out of an abundance of caution in case one of the witnesses is unexpectedly unable to testify live. (Doc. 349, at 2). Next, plaintiffs acknowledged there may be issues with the exhibit lists, but that any errors were not designed to harm defendants. Plaintiffs also assert they have responded to each of defendants' requests and have worked diligently to correct errors in their exhibit lists. (*Id.*, at 3–4).

First, on the issue of designating witnesses for trial, the Court understands plaintiffs' statements made in their pleading and at oral argument to mean the witnesses relevant to this motion will appear live at trial. If something changes between now and trial that requires one of the witnesses to appear via deposition testimony, plaintiffs will need to show cause why the witness is not appearing live and the Court will take up the issue at that time.

Second, on the issue of plaintiffs' exhibit list, the Court declines to rule on specific exhibits or issue sanctions because the exhibits have not yet been filed with the Court and the Court cannot determine which exhibits are at issue. Also, based on the statements made at oral arguments, the parties appear to be working with one another to fix the remaining issues. Thus, the parties are instructed to resolve any remaining issues related to the exhibit list by Monday, October 26, 2020, and update the Court on the status of the exhibit list at the Final Pre-Trial Conference. Parties must also file their exhibits with the Court by Monday, October 26, 2020. If the parties cannot resolve specific issues, they must provide the Court with a list of the relevant exhibits at issue by Friday, October 23, 2020.

**IT IS SO ORDERED** this 19th day of October, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

3

Case 3:18-cv-03057-CJW-KEM   Document 352   Filed 10/19/20   Page 3 of 3