# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LORI NICHOLSON and WILLIS WILLIAM NICHOLSON, <br><br> Plaintiffs, <br><br> v. <br><br> BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET MANUFACTURING CORP., and BIOMET US RECONSTRUCTION, LLC, <br><br> Defendants. | Case No: 18-cv-03057 CJW-KEM <br><br> **DEFENDANTS' DESIGNATIONS FOR TRIAL TESTIMONY BY DEPOSITION PURSUANT TO THE COURT'S TRIAL MANAGEMENT ORDER FOR CIVIL JURY TRIAL** |

NOW COME Defendants Biomet, Inc., Biomet Orthopedics, LLC, Biomet Manufacturing, Corp., and Biomet U.S. Reconstruction, LLC, who submit their designations for testimony by deposition consistent with the Court's Trial Management Order for Civil Jury Trial. Doc. 240, Order, at 4-5.

### A. A Full Copy of the Deposition Transcript or Video Recording

A full copy of the deposition transcripts for the witnesses designated by Biomet are attached as follows:

- Exhibit 1 – Robert Durgin
- Exhibit 2 – Jeffrey Binder
- Exhibit 3 – Mary Thacker
- Exhibit 4 – John Serbousek
- Exhibit 5 – Imran Khan
- Exhibit 6 – Thomas Gross

### B. A Redacted Exhibit Containing Only the Lines of the Deposition Transcript or Parts of the Video Recording to be Admitted into Evidence

The redacted deposition transcripts, containing only the testimony Defendants will play by video at trial, are attached as follows:

- Exhibit 7 – Robert Durgin
- Exhibit 8 – Jeffrey Binder
- Exhibit 9 – Mary Thacker
- Exhibit 10 – John Serbousek
- Exhibit 11 – Imran Khan
- Exhibit 12 – Thomas Gross

### C. A Statement Listing All Unresolved Objections to the Deposition Testimony

Plaintiffs' objections to Biomet's designated deposition testimony are listed by page and line in Exhibits 7-12. The parties are continuing to meet and confer on these objections and anticipate reaching further resolutions before the videos may be played during Defendants' case.

### D. The Parties' Combined List of All of the Portions of the Deposition to be Admitted Into Evidence

The Parties' combined list of all portions of the depositions designated by Biomet are contained in Exhibits 7-12. Plaintiffs are separately filing a document with the parties' designations for the deponents selected by Plaintiffs.

### E. Objections to Plaintiffs' Designations

Although meet-and-confer discussions between the parties significantly limited the outstanding disputes, Defendants continue to maintain objections to Plaintiffs' deposition designations. With the exception of designations for Bigsby, Cuckler, Glock, Hershberger, and Lakin, Biomet's line-by-line designations will be submitted today with Plaintiffs' corresponding

filing. The parties made significant progress with negotiations for the identified witnesses, and Biomet's remaining objections for these witnesses are listed below.

In an effort to conserve the Court's and Parties' resources, Defendants suggest that the party playing a video deposition disclose its intent to play the video and identify the final designations by 9:00 a.m. two business days before it is played. The parties would then further meet and confer, and the objecting party would be required to file its final objections by 9:00 a.m. the day before the deposition is played. The Court could hear oral arguments at lunch, after the jury leaves, or the morning before the deposition is played or could rule based on the briefing.

This process would provide a focused, streamlined approach, limit the issues brought to the Court, and avoid wasting time on issues and topics that may not arise during trial. Indeed, both parties anticipate making further cuts to their designations based on the evidence presented at trial. Defendants in particular will weigh the necessity of their designations based on the evidence presented in Plaintiffs' case. Defendants suggested this approach to Plaintiffs' counsel but, at the time of this filing, Plaintiffs have not confirmed whether they agree.

To the extent the Court disagrees with Defendants' proposal, the remaining objections for Bigsby, Cuckler, Glock, Hershberger, and Lakin are listed below.[1]

      i.      **Glock Designations**

Plaintiffs' deposition designations for Glock include discussions of various hip devices from after Plaintiffs' implanting surgery. *See* Glock Dep. Tr. at 167:10-172:8 (discussing the hip market when Glock "joined the company back as a training manager in 2008," a product that became commercially available in 2009, and training sales representatives around "2008 to

---

[1] Biomet anticipates reaching further agreements with Plaintiffs' counsel regarding their designations for Edgar, Schenk, Schroeder, and Xie. Additionally, many of the objections fall into broader categories, and Biomet anticipates raising several overarching issues for each witness, which would address many underlying objections.

2010").[2] Such testimony violates the Court's ruling on Biomet's Motion *in Limine* No. #3 and should therefore be excluded. Doc. 355, Order, at 7-8.

### ii. Bigsby Designations

Mr. Bigsby worked at Biomet as an engineer. But Plaintiffs' designations include a significant number of questions asking for opinion testimony related to the impact of various substances on the human body. *See, e.g.*, Bigsby Dep. Tr. at 80:3-84:22, 90:18-91:12, 145:10-20, 149:4-16, 152:11-15, 175:4-176:15. Mr. Bigsby is not a toxicologist, nor does he have the requisite specialized knowledge to provide opinion testimony on these matters. Such testimony should therefore be prohibited under Rules 602 and 701.

Plaintiffs also designate testimony asking the witness his knowledge "as we sit here today" regarding purported issues with metal-on-metal implants. *See* Bigsby Dep. Tr. at 100:5-128:6. Under the Court's ruling on Biomet's Motion *in Limine* No. 3, the witness' knowledge on September 15, 2016—over nine-years after Plaintiff's implanting surgery—regarding alleged issues with metal-on-metal implants should be excluded. Doc. 355, Order, at 7-8.

### iii. Hershberger Designations

Mr. Hershberger has an engineering background and questions about his opinions on the impact of metal ions and particles on the human body are inappropriate under Rules 602 and 701. *See* Hershberger Dep. Tr. at 62:9-63-23, 67:19-68:6, 150:9-151:3. Indeed, the witness went so far as stating this is "not my area of . . . expertise." *Id.* at 63:7-10.

The designations also include a line of questioning regarding an email (Exhibit 12) where the author (who is not the witness) discusses and quotes learned treatises and offers his opinions on their conclusions. *See id.* at Ex. 12, 147:6-151:16. Thus, Exhibit 12 and the corresponding

---

[2] Biomet's citations reference the deposition transcripts that will be provided with Plaintiffs' corresponding filing.

testimony contain hearsay within hearsay and should be prohibited under Rule 802. Further, since Mr. Hershberger is not an expert witness, discussions regarding and quotations of the learned treatises are inappropriate under Rule 803(18).

Additionally, Plaintiffs' designation asking whether a product "is still used today" violates the Court's Order on Biomet's Motion *in Limine* No. 3 and should be excluded. Hershberger Dep. Tr. at 46:12-13. Plaintiffs' designations also include an answer without its corresponding question. *Id.* at 30:2-3. This testimony was not designated, appears to be inadvertently included, and should be deleted.

### iv. Cuckler Designations

Designations for Dr. Cuckler include discussions of the "state of the industry" from 2010 and beyond, Dr. Cuckler's position on metal-on-metal devices "around 2010-2011," and Dr. Cuckler's knowledge regarding purported issues in 2010. *See, e.g.*, Cuckler Dep. Tr. at 163:14-168:5, 256:16-20, 264:2-274:23. Such testimony is prohibited under the Court's Order on Biomet's Motion *in Limine* No. 3 and should be excluded.

Plaintiffs' designations also include questioning regarding a memorandum from Dr. Cuckler discussing presentations and articles from a meeting. *See* Cuckler Dep. Tr. at Ex. 14, 101:22-113:9. The letter is hearsay under Rule 802, and Dr. Cuckler's discussions of information from various presentations and articles are hearsay within hearsay. Further, under Rule 403, the memorandum's probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. References to the breast implant litigation and actions by the plaintiffs' bar could inflame the jury without providing any probative value. For example, Dr. Cuckler responded to a question asking about potential litigation by stating "the plaintiffs' bar grab[s] hold of medical issues, [and] expand[s] the issues in an irrational and

5

US.130033572.01

Case 3:18-cv-03057-CJW-KEM    Document 379    Filed 11/04/20    Page 5 of 9

undocumented, unscientific fashion. Unfortunately, as you are aware, that is what's happened with the metal-metal litigation." Cuckler Dep. Tr. at 107:6-11. Exhibit 14 should also be excluded under Rule 1001, as it is incomplete and does not include the documents provided with the memorandum. *See Id.* Ex. 14 at 1 ("Enclosed are copies of the abstracts of the significant papers.").

Plaintiffs also include testimony and an exhibit created *after* Plaintiff's implanting surgery discussing sales of various devices not implanted in Plaintiff and Dr. Cuckler's corresponding royalty payments—some of which plaintiff's counsel taking the deposition miscalculated. *Id.* at 76:7-84:2, 90:19-21, Ex. 9. Such evidence is inadmissible under the Court's Order on Biomet's Motion *in Limine* No. 3, in addition to Rules 402 and 403. Counsel also compared patients receiving hip implants to a guinea pig. *Id.* at 210:23-211:12. The non-existent probative value of this inappropriate and inaccurate comparison is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. Indeed, the only purpose of this comparison is to inflame the jury without a rational basis. It should therefore be excluded.

### v. Lakin Designations

Plaintiffs' designations include testimony involving a metal-on-metal resurfacing device, which was not implanted in Plaintiff and involves a completely different procedure and device construction compared to Plaintiff's total hip arthroplasty. *See* Lakin Dep. Tr. at 137:21-141:20, 146:19-149:13. Such testimony is irrelevant under Rule 402 and should also be excluded under Rule 403, as the probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. Plaintiffs have also failed to prove a substantial similarity between the resurfacing device and the M2a-Magnum used in Plaintiff's total hip arthroplasty. *See, e.g.*, *Rodrick v. Wal-Mart Stores E., L.P.*, No. 07-0768-CV-W-FJG, 2009 WL 10672554, at *6 (W.D. Mo. July 22, 2009).

Further, the designations include inappropriate testimony by counsel regarding the "MacDonald study." Lakin Dep. Tr. at 155:2-156:14. Counsel testifies regarding the number of patients included in the study (155:2-4) and an incorrect explanation of why the study was purportedly discontinued (155:16-21). The witness responded that he "did not know" the number of participants (155:5) and "was not aware that the study was discontinued and [was] not going to . . . pretend [he] know[s], if it was, why" (156:11-14). Proper foundation was not laid demonstrating these allegations are true and counsel's questions therefore amount to improper testimony on topics the witness has no personal knowledge. This method of questioning is improper under Rules 602 and 611(a). It should therefore be excluded.

Respectfully submitted by,

Dated: November 4, 2020

*/s/ Thomas J. Joensen*
Thomas J. Joensen
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
T: (515) 447-4704
tom.joensen@FaegreDrinker.com

Joseph M. Price
FAEGRE DRINKER BIDDLE & REATH LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402
T. (612) 766-8724
joseph.price@FaegreDrinker.com

Stephanie N. Russo
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
T: (317) 237-0300
Stephanie.russo@FaegreDrinker.com

7

Bryan D. Pasciak
FAEGRE DRINKER BIDDLE & REATH, LLP
311 S. Wacker Dr., Suite 4300
Chicago, IL 60606
T: 312-356-5037
F: 312-212-6501
bryan.pasciak@faegredrinker.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 4, 2020, I electronically filed the foregoing document with the Court's ECF system, which provided electronic service upon all counsel of record.

<u>*/s/ Tinisha Brooks*</u>