# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| LORI NICHOLSON and WILLIS WILLIAM NICHOLSON, <br><br> Plaintiffs, <br><br> v. <br><br> BIOMET, INC., BIOMET ORTHOPEDICS, LLC, BIOMET MANUFACTURING CORP., and BIOMET US RECONSTRUCTION, LLC, <br><br> Defendants. | Case No: 18-cv-03057 CJW-KEM <br><br> **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' DEPOSITION DESIGNATIONS FOR NOVEMBER 9, 2020** |

NOW COME Defendants Biomet, Inc., Biomet Orthopedics, LLC, Biomet Manufacturing, Corp., and Biomet U.S. Reconstruction, LLC, who submit their objections to Plaintiffs' deposition designations for Ryan Lakin and Dr. John Cuckler consistent with the Court's November 6, 2020 Order (Doc. 384). Despite a meet-and-confer discussion on November 7, 2020, the Parties were unable to reach an agreement on the objections identified below. Attached are the deposition transcripts Plaintiffs intend to play for these witnesses. Ex. A, Lakin Dep. Tr.; Ex. B, Dr. Cuckler Dep. Tr. Defendants highlighted the deposition lines subject to their objections.

    A.    **Lakin Designations**

Plaintiffs' designations for Lakin include testimony involving a metal-on-metal resurfacing device, which was not implanted in Plaintiff and involves a different surgical procedure and device construction compared to Plaintiff's M2a-Magnum and total hip arthroplasty procedure. *See* Lakin Dep. Tr. at 137:21-141:20, 146:19-149:13. In particular, the exhibits used with Lakin discuss the "Cormet 2000" resurfacing device, which the documents state was developed in the United

Kingdom and was not manufactured by Defendants.  *See* Ex. A-1, Lakin Dep. Tr. Ex. 4, at 2-3; Ex. A-2, Lakin Dep. Tr. Ex. 5, at 3.  The messages include:

- A Biomet employee's email asking Dr. Cuckler his thoughts about the Cormet 2000 resurfacing device.  Ex. A-1 at 2-3; Ex. A-2 at 3.

- Dr. Cuckler's response discussing the "extreme and aggressive milling of the femoral head" associated with the Cormet 2000 and other thoughts related to this device and hip resurfacing.  Ex. A-1 at 2; Ex. A-2 at 2-3.

- A Biomet employee's reply discussing resurfacing devices, stating Biomet's "progress has been painfully slow on our standard resurfacing project" and asking Dr. Cuckler's opinion on Biomet pursuing a resurfacing concept.  Ex. A-1 at 1; Ex. A-2 at 2.

- Dr. Cuckler's response discussing various resurfacing devices, potential design components for resurfacing devices, and drafting sketches of resurfacing devices.  Ex. A-2 at 1.

- A final email between Biomet employees noting they should discuss resurfacing devices based on Dr. Cuckler's thoughts expressed in his emails.  *Id.*

These documents and corresponding testimony are irrelevant under Rule 402 and should also be excluded under Rule 403, as the probative value of discussions related to resurfacing devices—which are a completely different construct than the M2a-Magnum implanted in Plaintiff—is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury.  Further, Plaintiffs have also failed to prove a substantial similarity between the Cormet 2000 resurfacing device and the M2a-Magnum used in Plaintiff's total hip arthroplasty.  *See, e.g.*, *Rodrick v. Wal-Mart Stores E., L.P.*, No. 07-0768-CV-W-FJG, 2009 WL 10672554, at *6 (W.D. Mo. July 22, 2009).  Thus, this evidence should be excluded.

B.  **Cuckler Designations**

Designations for Dr. Cuckler include discussions of the "state of the industry" from 2010 and beyond, Dr. Cuckler's position on metal-on-metal devices "around 2010-2011," and Dr. Cuckler's knowledge regarding purported issues in 2010.  Ex. B at 163:14-168:5, 256:16-20,

2

264:2-274:23.  "A product is defective when, *at the time of sale or distribution*, it . . . is defective in design."  *Wright v. Brooke Grp. Ltd.*, 652 N.W.2d 159, 268 (Iowa 2002).[1]  A product is "defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller." *Id.*  Thus, the point of reference for a product liability claim is the foreseeability of harm and reasonable alternative designs available at the time of sale or distribution of a product.  Information regarding the state of the industry and opinions from years after Plaintiff's device was sold is therefore irrelevant, and its non-existent probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury regarding reasonable alternative designs and reasonably foreseeable harms in 2007 when Plaintiffs' device was sold.

Plaintiffs' designations also include questioning regarding a memorandum from Dr. Cuckler discussing presentations and articles from a meeting.  Ex. B at 101:22-113:9, Ex. 14.  The letter is hearsay under Rule 802, and Dr. Cuckler's discussions of information from various presentations and articles are hearsay within hearsay.  Further, under Rule 403, the memorandum's probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury.  References to the breast implant litigation and actions by the plaintiffs' bar may inflame the jury without providing any probative value.  For example, Dr. Cuckler discusses the fear of potential litigation in the memorandum and responded to a deposition question on this topic by stating "the plaintiff's bar grab[s] hold of medical issues, [and] expand[s] the issues in an irrational and undocumented, unscientific fashion.  Unfortunately, as you are aware, that is

---

[1] *See also Junk v. Terminix Intern. Co.*, No. 4:05-cv-0608-JAJ, 2008 WL 5191865, at *5 (S.D. Iowa Nov. 3, 2008) ("If such a [reasonable alternative] design could have been practically adopted *at the time of sale* plaintiff establishes a [design] defect." (emphasis added)); *Specht v. Kubota Tractor Corp.*, No. 16-CV-1012-LRR, 2017 WL 2884532, at *4 (N.D. Iowa July 6, 2017) (explaining the state of the art defense applies if "the product conformed to the state of the art in existence *at the time the product was designed, tested, manufactured, formulated, packaged, provided with a warning, or labeled*" (emphasis added)).

3

what's happened with metal-metal litigation." Ex. B at 107:6-11. The reference to the "metal-metal litigation" should also be excluded under the Court's ruling on Biomet's Motion in Limine No. 1, as it provides evidence of other lawsuits and litigation. Further, Exhibit 14 should be excluded under Rule 1002, as it is not an original, it contains a red box highlighting the final paragraph, and it does not include the documents attached to the memorandum. *See* Ex. B-1 at 1 ("Enclosed are copies of the abstracts of the significant papers.").

Plaintiffs also include testimony and an exhibit created after Plaintiff's implanting surgery discussing Dr. Cuckler's royalty payments related to his consulting agreement with Biomet that included, among other things, marketing the M2a line of products. *Id.* at 76:7-84:2, 90:19-21, Ex. 9. The deposition designations lay no foundation regarding the document's authenticity, why it is an exception to hearsay, and misrepresent the total payments received by Dr. Cuckler.[2] Thus, this evidence should be excluded under Rules 611(a), 802, and 901.

Counsel also compared patients receiving hip implants to a guinea pig. Ex. B at 210:23-211:12. The non-existent probative value of this inaccurate and inappropriate comparison is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury. Indeed, the only purpose of this comparison is to inflame the jury without a rational basis. It should therefore be excluded.

## **CONCLUSION**

Defendants respectfully request that the Court exclude the testimony identified in this Motion for the reasons set forth above.

---

[2] Specifically, Plaintiffs' counsel stated Dr. Cuckler's royalty payments for the Vanguard Knee Component was $572,809.46 too high, which also impacts counsel's calculation of the total amount of royalty payments. *See* Ex. B at 81:18-21; Ex. B-2 at 3-4.

4

Respectfully submitted by,

Dated: November 8, 2020

*/s/ Bryan D. Pasciak*
Thomas J. Joensen
FAEGRE DRINKER BIDDLE & REATH LLP
801 Grand Avenue, 33rd Floor
Des Moines, IA 50309
T: (515) 447-4704
tom.joensen@FaegreDrinker.com

Joseph M. Price
FAEGRE DRINKER BIDDLE & REATH LLP
90 South Seventh Street, Suite 2200
Minneapolis, MN 55402
T. (612) 766-8724
joseph.price@FaegreDrinker.com

Stephanie N. Russo
FAEGRE DRINKER BIDDLE & REATH LLP
300 North Meridian Street, Suite 2500
Indianapolis, IN 46204
T: (317) 237-0300
Stephanie.russo@FaegreDrinker.com

Bryan D. Pasciak
FAEGRE DRINKER BIDDLE & REATH, LLP
311 S. Wacker Dr., Suite 4300
Chicago, IL 60606
T: 312-356-5037
F: 312-212-6501
bryan.pasciak@faegredrinker.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 8, 2020, I electronically filed the foregoing document with the Court's ECF system, which provided electronic service upon all counsel of record.

*/s/ Bryan D. Pasciak*
Bryan D. Pasciak

*Attorney for Defendants*
